IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3207-F

PATRICK MCMORROW,           )
                            )
            Plaintiff,      )
                            )
v.                          )     **ORDER**
                            )
WARDEN MS. STEPHENS,        )
                            )
            Respondent.     )

On October 14, 2011, Patrick McMorrow ("McMorrow" or "plaintiff"), appearing pro se, filed this filed this complaint seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. McMorrow seeks leave to proceed in forma pauperis [D.E. 2]. On October 20, 2011, Magistrate Judge Webb found that McMorrow's complaint and application to proceed in forma pauperis did not have an original signature [D.E. 3]. Judge Webb directed McMorrow to correct the deficiencies within thirty days, and warned McMorrow that "[f]ailure to do so may result in the dismissal of this action." Id.

On December 19, 2011, the court found that McMorrow had failed to comply with Judge Webb's October 20, 2011 order, directed the Clerk to send a second set of papers to McMorrow, and directed McMorrow[1] to comply with the prior order or face dismissal of his action without prejudice [D.E. 4]. On January 17, 2012, McMorrow responded to the court's order and filed a complaint bearing his original signature [D.E. 5], along with a "motion for protection" [D.E. 6] and a motion for appointment of counsel [D.E. 7]. As explained below, the court grants plaintiff's motion for appointment of counsel and denies without prejudice plaintiff's motion for protection.

---

[1] The order inadvertently referred to McMorrow as Bennett.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

McMorrow is a federal inmate, incarcerated at the Federal Correctional Institution in Butner, North Carolina. Compl. 2. McMorrow alleges that he suffers from muscular dystrophy, and is being denied the sole prescribed medical treatment: physical therapy. Id. 3. McMorrow further alleges that his treating physician would not allow him to try wearing a foot brace or use a walker because both are "too cumbersome;" however, he does have a wheelchair. Id. McMorrow states that he cannot

2

get to other parts of the prison without assistance, and he cannot open many doors at the institution. Id. 4. McMorrow further alleges that he does not believe he is in a handicapped cell even though he is supposed to be in such a cell, and that he has not been provided a trapeeze bar to help him get himself out of bed. Id. Finally, McMorrow asserts that his physical condition requires him to wear disposable underwear, which he cannot dispose of himself, and other inmates "get mad at [him] because of the smell[.]" Id. McMorrow does not seek any monetary relief; he requests transfer to "a proper medical facility that will provide me with the proper medical equipment," as well as placement "in a handicapped housing group." Id. The sole defendant McMorrow names is Warden Stephens because he has brought these issues to her "through the grievance procedure" and "[s]he is the warden of this institution and so is responsible for the lack of medical treatment." Id. 3.

It does not clearly appear from the face of the complaint that McMorrow is not entitled to relief; thus, the matter is allowed to proceed. The court DENIES WITHOUT PREJUDICE plaintiff's motion for protection [D.E. 6]. The court GRANTS plaintiff's motion for appointment of counsel [D.E. 7], and APPOINTS North Carolina Prisoner Legal Services, Inc. ("NCPLS") to represent plaintiff. The Clerk of Court is DIRECTED to maintain management of this action, and to send a copy of the case file (in electronic or paper format) to NCPLS. NCPLS is DIRECTED to enter a notice of appearance on behalf of plaintiff and to file an amended complaint, along with summons(es) for issuance by the Clerk, on or before February 29, 2012.

SO ORDERED. This 1st day of February 2012.

_____
JAMES C. FOX
Senior United States District Judge

3